MARTIN LALLY, JOSEPH RUSSO, JOHN APPLEGATE, GUS-TAVE FILLHOWER, EDNA HOLDEN, EVA NEWTON, RAYNARD McCORMICK, CHARLES SANGSTACK AND JOHN J. HARKINS, PLAINTIFFS-RESPONDENTS, v. WILLIAM A. ALLGAIR, MIDDLESEX COUNTY TREASURER, AND BOARD OF CHOSEN FREEHOLDERS OF MIDDLESEX COUNTY, DEFENDANTS-APPELLANTS.

Submitted February 17, 1939—Decided May 15, 1939.

For the defendants-appellants, *Edmund A. Hayes*.

For the plaintiffs-respondents, *John C. Stockel*.

The opinion of the court was delivered by

BODINE, J.  The plaintiffs are court attendants in the several courts held in and for the county of Middlesex.  They are paid a salary in accordance with the provisions of *R. S.* 2:16-42.  The act provides for a graduated salary, starting at $1,200 for the first year of service, and increasing $100 annually until the maximum salary of $1,800 a year is reached, and applies to all counties having a population of more than one hundred and fifty thousand and less than two hundred thousand inhabitants.

The plaintiffs claim that they are entitled to receive the compensation fixed by *R. S.* 2:16-40 which provides for a graduated salary for court attendance in counties having a population between one hundred and seventy-five thousand and four hundred and seventy thousand inhabitants, commencing at $2,000 for the first year of service, and increasing annually $100 until the maximum salary of $2,800 per annum is reached.  This law was approved by the legislature on June 2d, 1937.

Under the 1920 census the population of Middlesex county was one hundred and sixty-two thousand three hundred and thirty-four, and under the 1930 census was two hundred and twelve thousand two hundred and eight.

The defendants contend, however, that the plaintiffs are not entitled to any increase in salary under the provisions of *R. S.* 2:16-40, because *R. S.* 40:11-17 expressly provides that the 1930 census shall not operate to increase or decrease the the salary or compensation of any officer or employe of any county. Under the 1930 census the population of Middlesex county is two hundred and twelve thousand two hundred and eight as compared to one hundred and sixty-two thousand three hundred and thirty-four under the 1920 census, and hence the application of the 1930 census would result in increasing the salaries of the plaintiffs and would contravene the provision of *R. S.* 40:11-17.

The trial court, sitting without a jury, erroneously entered judgment against the defendants for the difference in salary paid them under *R. S.* 2:16-42 and that which it said should have been paid under the terms of *R. S.* 2:16-40.

It is established in this state that where two statutes concern the same subject-matter, they are to be construed so that both may be sustained, if possible. *In re Book's Will,* 90 *N. J. Eq.* 549; 107 *All. Rep.* 435; *Baird* v. *Board of Recreation Commissioners of Village of South Orange,* 110 *N. J. Eq.* 603, 604; 160 *All. Rep.* 537; *Jersey City* v. *State Water Policy Commission,* 118 *N. J. L.* 72; 191 *All. Rep.* 456.

*R. S.* 40:11-17 provides as follows: "Salaries not affected by Census or Reclassification act. The promulgation or taking effect of the federal census for the year one thousand nine hundred and thirty, or the passage of an act for the reclassification of counties of this state, shall not operate to increase or decrease the salary or compensation of any officer or employe of any county or municipality. All such officers and employes shall continue to receive salary or compensation at the rate received by them on April twenty-seventh, one thousand nine hundred and thirty. * * * (*Pamph. L.* 1931, *ch.* 271, approved April, 1931)."

The foregoing statute, we think, is controlling although first adopted prior to the enactment providing for the increase for which plaintiffs had judgment. Since this statutè was included in the revised statutes and now stands as an en'actment contemporaneous with *R. S.* 2:16-40 to be given effect if possible, it must have the effect intended of delaying increases in court attendants' salaries under the 1930 census. The salaries fixed according to population must continue as they were theretofore.

The judgments under review are reversed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, DONGES, PORTER, DEAR, WELLS, JJ. 7.

*For reversal*—THE CHIEF JUSTICE, BODINE, HEHER, PERSKIE, HETFIELD, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 8.